# UNITED SETATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA G. GREEN,<br>    Plaintiff | )<br>)<br>) |
| v. | ) Civil No.<br>) |
| CACV OF COLORADO, LLC and<br>J. A. CAMBECE LAW OFFICE, P.C.,<br>    Defendants | )<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

   The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

   In addition, the Massachusetts Attorney General has promulgated regulations designed to "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 209 CMR 18.01.

   In this action, plaintiff seeks damages resulting from defendants' conduct in bringing a collection suit against plaintiff in Massachusetts even though he had resided in Texas for the previous 9 years, for serving process at an address known to be incorrect,

and for continuing to prosecute the collection suit after having been informed that service had been ineffective.

## Parties

1. Plaintiff Joshua G. Green is an individual who at relevant times resided in Austin, Texas.

2. Defendant CACV of Colorado, LLC ("CACV") is on information and belief a limited liability company with a principal place of business in Denver, Colorado. At all relevant times defendant was a "debt collector" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.01.

3. Defendant J.A. Cambece Law Office, P.C. ("Cambece") is a law firm engaged in the practice of consumer debt collection, maintaining a principal place of business in Peabody, Massachusetts. At all relevant times defendant was a "debt collector" within the meaning of 15 U.S.C. §1692a(6). Said defendant acted as the duly authorized agent for CACV in connection with all matters alleged in this complaint.

4. At all relevant times each defendant has been engaged in trade or commerce in the Commonwealth of Massachusetts as defined by G.L. c. 93A, section 1.

## Jurisdiction and Venue

5. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Factual Allegations**

7. On or about September 25, 2006, defendant CACV filed a complaint against plaintiff with the Hingham District Court seeking judgment with respect to a credit card debt allegedly owed by plaintiff. Defendant Cambece prepared and filed said complaint on behalf of CACV.

8. Said complaint alleged that plaintiff lived on First Parish Road in Scituate, Massachusetts.

9. Defendants prepared and filed said complaint having knowledge or reason to know that plaintiff did not reside in Scituate, Massachusetts, and in fact had not lived in Massachusetts for a number of years. Among other factors, defendants knew or had reason to know that plaintiff did not reside in Scituate because in February, 2006, a collection agency had sent plaintiff a dunning letter to his correct address in Texas in connection with the same alleged debt.

10. Defendants caused process to be served at the First Parish Road address, which was the residence of plaintiff's parents.

11. Shortly after receiving copies of the summons and complaint, plaintiff's mother sent a certified letter to the Hingham District Court stating that plaintiff had not lived at the First Parish Road address for 15 years or in Massachusetts for about 10 years. A copy of said letter was sent to defendant Cambece.

12. Despite being notified that the suit had been filed in an improper venue and plaintiff had not been properly served with process, defendants continued prosecuting the suit and obtained a default judgment in excess of $4,000 in November, 2006. In connection with

its motion for default judgment, defendants attested under the penalties of perjury that plaintiff resided at the First Parish Road, Scituate, address.

13. Plaintiff first learned of the suit and judgment in 2009 when he received a notice that the Massachusetts judgment had been filed in the County Court of Travis County, Texas.

14. Plaintiff retained counsel in Massachusetts and proceeded to have the default judgment vacated and the complaint dismissed due to insufficient service of process.

15. As a result of defendant's actions set forth above, plaintiff suffered financial loss, damage to his credit, and severe emotional distress and mental anguish.

## COUNT I

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. Neither plaintiff nor CACV resided or had a usual place of business in the Hingham judicial district or in any adjacent judicial district at the time the complaint was filed. The filing of the complaint therefore violated G.L. c. 223, §2, hence G.L. c. 93A, §2, and said misconduct was knowing or willful in nature.

　　　WHEREFORE, plaintiff prays for judgment of actual or statutory damages against CACV, whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and reasonable attorney's fees.

## COUNT II

18. The allegations of paragraphs 1 – 17 are incorporated herein as if fully set forth.

19. Filing suit against plaintiff in an improper forum constituted an attempt to collect the alleged debt in an unfair, deceptive, and unreasonable manner in violation of G.L. c. 93, §49 and G.L. c. 93A, §2, and said misconduct was knowing or willful in nature.

WHEREFORE, plaintiff prays for judgment of actual or statutory damages against CACV, whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and reasonable attorney's fees.

### COUNT III

20. The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

21. CACV filed suit against plaintiff in a forum which it knew or had reason to know was inconvenient, thus violating G.L. c. 93, §49 and G.L. c. 93A, §2, and said misconduct was knowing or willful in nature.

WHEREFORE, plaintiff prays for judgment of actual or statutory damages against CACV, whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and reasonable attorney's fees.

### COUNT IV

22. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

23. Defendants' misrepresentation in the complaint that plaintiff resided in Scituate, Massachusetts, constituted a false representation and/or deceptive means to attempt to collect the debt in violation of 15 U.S.C. §1692e(10).

WHEREFORE, plaintiff prays for judgment of statutory damages against each defendant, plus interest, costs, and reasonable attorney's fees.

### COUNT V

24. The allegations of paragraphs 1 – 23 are incorporated herein as if fully set forth.

25. Defendants' conduct in having process served at an address which they knew or had reason to know was not plaintiff's residence, and then proceeding to obtain a default

judgment despite insufficient service, constituted an unfair and/or unconscionable means of attempting to collect a debt in violation of 15 U.S.C. §1692f.

WHEREFORE, plaintiff prays for judgment against of actual damages against defendants, jointly and severally, plus statutory damages, interest, costs, and reasonable attorney's fees.

## COUNT VI

26.  The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

27.  By engaging in the conduct described in paragraph 25, above, CACV attempted to collect the alleged debt in an unfair, deceptive, or unreasonable manner in violation of G.L.c . 93, §49 and  G.L. c. 93A, §2, and said conduct was knowing or willful in nature.

WHEREFORE, plaintiff prays for judgment of actual or statutory damages against CACV, whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and reasonable attorney's fees.

**Plaintiff claims trial by jury.**

JOSHUA G. GREEN
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com